**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BLAKE A. RILEY,**

       **Petitioner,**

  **v.**

**TIM BUCHANAN, WARDEN,**

       **Respondent.**

**Case No. 2:14-cv-02522
JUDGE  SMITH
Magistrate Judge King**

## OPINION AND ORDER

On March 3, 2016, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation* (ECF No. 13). Petitioner objects to that recommendation. *Objection* (ECF No. 22). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 22) is **OVERRULED**. The *Report and Recommendation* (ECF No. 13) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED**.

This case involves Petitioner's convictions, following a jury trial in the Muskingum County Court of Common Pleas, for aggravated burglary, theft, and kidnapping, with firearm specifications. Petitioner was sentenced to an aggregate term of twenty-three years in prison. The Ohio Fifth District Court of Appeals affirmed Petitioner's convictions, and the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal from that decision. In this action, Petitioner alleges that the trial court improperly failed to issue accomplice jury instructions (claim one); that the trial court improperly imposed consecutive terms of incarceration on allied offenses of similar import and in violation of the Double Jeopardy Clause

(claim two); that his convictions are against the manifest weight of the evidence and that the evidence is constitutionally insufficient to sustain his convictions (claim three); that the trial court lacked jurisdiction because he was under eighteen years of age at the time of the offenses charged and he was not properly bound over from juvenile court (claim four); that his bind over to adult court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his right to due process, and his right to a jury trial (claim five); that the mandatory transfer of juvenile offenders to adult court violates due process (claim six); that the mandatory transfer of juvenile offenders to adult court violates the Equal Protection Clause (claim seven); that the mandatory transfer of juvenile offenders to adult court violates the Eighth Amendment (claim eight); that the trial court improperly failed to record all of the proceedings (claim nine); that he was denied the effective assistance of counsel (claim ten); and that the trial court improperly failed to consider his youth as a factor in sentencing, and his sentence is unconstitutionally disproportionate to the offenses charged (claim eleven).  The Magistrate Judge recommended dismissal of claims one, five through nine, and eleven as procedurally defaulted, and the remainder of Petitioner's claims as without merit.  Petitioner objects to these recommendations.

In his objections, Petitioner raises all of the arguments previously presented.  He specifically objects to the Magistrate Judge's recommendation that certain claims be dismissed as procedurally defaulted.  Petitioner argues that he preserved claim five (*i.e.,* that his bind over to adult court violated *Apprendi*, his right to due process, and his right to a jury trial) for review by this Court because he argued generally in the Ohio Supreme Court that the trial court lacked subject matter jurisdiction in light of the alleged failure to properly bind him over from juvenile court.  Petitioner also argues that this Court should review his claims six, seven, and eight (*i.e.,* that the mandatory transfer of juvenile offenders to adult court violates due process, equal

protection, and the Eighth Amendment) should be entertained regardless of any procedural default.  *Objection* (PageID# 1305)(citing "Federal Habeas Corpus and State Procedural Default: An Abstention-Based Interest Analysis," Vol. 56 University of Chicago Law Review, pp. 264-66 (1989)).  The failure to consider these procedurally defaulted claims, Petitioner contends, will result in a manifest miscarriage of justice.  Petitioner also argues that any procedural default should be excused. As cause for his failure to present to the state courts his habeas claim eleven (*i.e.,* challenging his sentence), Petitioner argues that, at the time he pursued his appeal, this claim was "so novel that its legal basis was not reasonably available."  *Objection*  (PageID# 1307).  The procedural default of claim one (*i.e.,* challenging the trial court's failure to issue an accomplice jury instruction) and claim nine (*i.e.,* alleging that the trial court failed to record all proceedings) was caused, Petitioner contends, by the ineffective assistance of his trial counsel, who failed to raise these issues before the trial court.[1]  Petitioner also argues that this Court should review the merits of these federal habeas claims despite the state court's review for plain error only.

Petitioner also objects to the recommendation that other claims should be dismissed as without merit. Again, he raises the arguments previously presented in this regard.

The Court is not persuaded by Petitioner's arguments.  Absent a showing of cause and prejudice, or a fundamental miscarriage of justice, a petitioner may not obtain federal habeas corpus review of claims that he may no longer present to the state courts because of a procedural default.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)(citing *Coleman v. Thompson*, 501 U.S. 722, 730 (1991); *Murray v. Carrier*, 477 U.S. 478, 490–492 (1986)). Petitioner has failed to establish cause and prejudice for his procedural defaults.  He has likewise failed to present such

---

[1] According to Petitioner, his attorney may have objected to the jury instructions in an off-the-record discussion with the trial court.  *Objection* (PageID# 1308).

3

new evidence reflecting his actual innocence as to warrant a merits review of his otherwise procedurally defaulted claims. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). Although Petitioner argues to the contrary, the record indicates that he made no reference, in his appeal to the Ohio Supreme Court, to the federal constitutional claim that he now raises before this Court in claim five. He has therefore waived that claim for review by this Court. Moreover, and as noted by the state appellate court, Petitioner "failed to object or ask that sidebar discussions be recorded." *State v. Riley*, No. CT2012-0022, 2013 WL 1343548, at *8 (Ohio App. 5th Dist. March 22, 2013). Petitioner has therefore waived claim nine for review by this Court. The United States Court of Appeals for the Sixth Circuit has held that plain error review by a state appellate court does not constitute a waiver of the state's procedural default rules, nor does it excuse a petitioner's procedural default. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). It is true that, if "a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Franklin v. Bradshaw*, 695 F.3d 439, 454 (6th Cir. 2012)(citing *Reed v. Ross*, 468 U.S. 1, 16 (1984)). However, Petitioner's allegation in claim eleven that that the trial court improperly failed to consider his youth as a factor in sentencing or that his sentence is unconstitutionally disproportionate to the offenses charged is not so new or novel that he could not have been expected to raise these issues on direct appeal. "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Coleman v. Metrish*, 476 F.Supp.2d 721, 731 (E.D. Mich. 2007)(quoting *Smith v. Murray*, 477 U.S. 527, 537 (1986)).

Finally, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court agrees that the record fails to reflect that the state appellate court contravened or unreasonably applied federal law, as established by the United States Supreme Court, or issued a decision that resulted in an unreasonable determination of the facts in light of the evidence presented, so as to justify federal habeas corpus relief on the merits of Petitioner's claims. *See* 28 U.S.C. § 2254(d).

Petitioner's *Objection* (ECF No. 22) is therefore **OVERRULED.**

Petitioner also seeks a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Id*.  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

For the reasons already discussed, the Court is not persuaded that Petitioner has established that reasonable jurists would debate whether his claims should have been resolved differently.  The Court therefore **DECLINES** to issue a certificate of appealability.

Petitioner's *Objection* (ECF No. 22) is **OVERRULED**.    The *Report and Recommendation* (ECF No. 13) is **ADOPTED** and **AFFIRMED**.   This action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

       ***/s/ George C. Smith***
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**